CASTLES, ADMR., v. LANCASTER COUNTY.

VENUE.—JUDGE AT CHAMBERS has no power to grant change of venue on ground that ends of justice would be thereby promoted.

Before GAGE, J., Chester, February, 1906.   Reversed.

Motion for change of venue in case of W. T. Castles, administrator of estate of John T. Morrison, against Lancaster County.   The following is Circuit order:

"Motion by plaintiff, at chambers, to change the venue herein from Lancaster to Chester.

"Two grounds are stated for the change, to wit:

"(1) Because the convenience of witnesses, and the ends of justice, would be thereby promoted.

"(2) Because there is reason to believe that an impartial trial cannot be had in Lancaster.

"At the threshold defendant submits, that the motion should be a removal from Lancaster, not to Chester, but to some other county in the Sixth Judicial Circuit.   That is so; but so much of the motion papers as nominates Chester is surplusage; it does not affect the legality of the motion.   And defendant further submits, that this motion is now pending in the Circuit Court at Lancaster, where it was first made, Judge Buchanan presiding; and pending there, it must be decided there.

"Judge Buchanan, sitting in term time at Lancaster, declined to hear the motion, for reasons satisfactory to himself.

I think his action was equivalent to a dismissal of the motion without prejudice.

"Recurring now to the grounds of the motion stated at the start. I shall consider them in an inverse order, for the Code of Procedure states them in an order inverse to that stated in the motion papers. A motion to change the venue, upon the ground that there is reason to believe that an impartial trial cannot be had in Lancaster, 'must be made to the Judge sitting in regular term.' That is the language of the law. Code of Laws, sec. 2735. The motion on that ground is made before me at chambers, and I have no jurisdiction there to hear and try it. On that ground, therefore, the motion is refused.

"It is not denied that a motion to change the venue may be made at chambers 'when the convenience of witnesses and the ends of justice would be promoted by the change.' The proof shows that the plaintiff has nine witnesses non-resident in Lancaster, and the defendant has thirteen witnesses resident there. It would be an abuse of my discretion to conclude from the proof that the convenience of witnesses demand that the cause shall be removed from Lancaster. Indeed, I am sure the cause should not be removed on that ground.

"But the plaintiff contends, that the statute names another and distinct ground than the convenience of witnesses, for a change of venue, to wit: When 'the ends of justice would be promoted by the change.' The Code of Procedure really states four grounds upon which a change of venue may be ordered, to wit: When the county designated in the complaint is not the proper one. When an impartial trial cannot be had in the county named. When the convenience of witnesses would be promoted. When the ends of justice would be promoted. A plain reading of the statute, without any aid from the rules of construction, indicates that meaning. After naming three particular instances in which a Court might change the place of trial, the Legislature finally granted full power to the Court to make the change 'when

33—74

the ends of justice would be promoted by the change.' A change might be warranted upon either of the three grounds first named above, and yet the ends of justice might warrant it. It is hard to conceive of a wider and juster provision of a statute, than the allowance of a remedy to promote the ends of justice. *Utsey* vs. *R. R.,* 38 S. C., 405; *Willoughby* vs. *R. R.,* 46 S. C., 320.

"So that, the enquiry now is, would the ends of justice be promoted by a change of the place of trial from Lancaster to another county in the Sixth Circuit? The end sought is the accomplishment of justice; and every litigant ought to covet that. Justice, and the execution of the laws of the country, ought to be interchangeable terms.

"The complaint charges, that one John T. Morrison who, on October 1, 1904, was taken from the custody of an officer by a mob of unlawful persons, and hanged until he was dead, and that this occurred in Lancaster County. If that is so, the county of Lancaster is 'liable in exemplary damages of not less than $2,000 to the legal representatives of' Morrison. That provision of the Constitution was enacted in an effort to save the State from the degradations of lynch law. While that law stands, it is right, and while organized society stands, lynching is wrong. The death of Morrison at the hands of a mob sixteen months ago is more than probable. That it should be enquired into is not denied by law-abiding persons. The object of this action is to enquire into it, for that has not been hitherto done; and the object of this motion is to so enquire into it as that justice may be promoted.

"The affidavits and exhibits were numerous and voluminous. It is not necessary to recite them here, they are a part of the record.

"From their inspection I am altogether satisfied that the ends of justice will be promoted by a removal of the cause from Lancaster, and a trial of its issues in another county.

"As suggested by counsel for the defendant, there may be some reasons why the cause should not be removed to Chester. There are only two other counties in the Circuit,

York and Fairfield. Fairfield has but recently tried a cause for Lancaster, and York is more accessible from Lancaster than is Winnsboro.

"It is therefore ordered:

"That the trial of this cause be changed from Lancaster to York; that the clerk of this Court shall transfer the record to the clerk at York, which officer shall receive and file the same in his office, for trial as other causes are tried; that all the affidavits and exhibits be first filed by the clerk at Lancaster."

The defendant appeals upon the following exceptions:

"1. Because the Circuit Judge had no power or authority to change the place of trial of this action upon the ground alone that the 'ends of justice would be promoted by the change,' the statute giving such authority only 'when the convenience of witnesses *and* the ends of justice would be promoted by such change.'

"2. Because the Circuit Judge erred in holding that 'the Code of Procedure really states four grounds upon which a change of venue may be ordered,' and erred in holding that a change of the place of trial could be had upon the ground alone that 'the ends of justice would be promoted by such change.'

"3. Because the Circuit Judge, having correctly concluded that in this case 'the convenience of witnesses' would not be promoted by a change of the place of trial, erred in ordering a change of venue upon the ground alone that 'the ends of justice would be promoted' by such change.

"4. Because the Circuit Judge erred in the conclusion that the Legislature, 'after naming three particular instances in which the Court might change the place of trial,' finally granted full power to the Court to make the change 'when the ends of justice would be promoted by the change.'

"5. Because the Circuit Judge, having correctly concluded that he had no jurisdiction at chambers to pass upon the question as to whether or not a change of venue should be

had for the reason that a fair and impartial trial could not be had in Lancaster County, erred in concluding that he had jurisdiction at chambers to change the venue upon the ground that the ends of justice would be promoted by the change, thereby doing by indirection that which he held himself to be without authority to do directly.

"6. Because the county of Lancaster being the county fixed by law as the place of trial of this cause, it was and is in effect judicial legislation to hold that a change of venue may be ordered on the ground alone 'that the ends of justice would be promoted by the change of the place of trial' of a case of this kind to some other county."

Messrs. *Ernest Moore* and *W. C. Hough,* for appellant, cite: Code of Proc., 147; 38 S. C., 405; 46 S. C., 320; Code 1902, 2735.

Messrs. *W. H. Newbold* and *J. C. Wilborn,* contra. *Mr. Newbold* cites: Code of 1902, 2733; Code of Proc., 402; 14 S. C.. 11; 9 S. C., 276; 26 S. C., 99; 24 S. C., 122; Code of Proc., 147; 72 S. C., 573; 54 S. C., 368; 46 S. C., 317; 38 S. C., 403; 26 Ency., 159. *The word "and" should be construed to have meaning of "or:"* 36 S. C., 203; *Bish. on Wr. L.,* secs. 4, 119, 120; 26 Ency., 530; 23 S. C., 455; 7 Rich. Eq., 425; 40 Ala., 20; 142 Mass., 394; 58 S. C., 408; Pot. Dwar. on St., 132; End. on Int. of St., sec. 183.

July 13, 1906. The opinion of the Court was delivered by

Mr. Justice Jones. The plaintiff, as administrator, brought this action against Lancaster County to recover damages for the alleged lynching of John T. Morrison by a mob within the limits of the county. A motion was made by plaintiff before Judge Gage at his chambers, Chester, S. C., upon notice and affidavits, for an order to change the place of trial. 1. Because the convenience of witnesses and the ends of justice would be promoted by the change. 2.

Because there is reason to believe that an impartial trial can not be had in Lancaster County.

Judge Gage held that he had no jurisdiction to hear the motion on the second ground, and as to the first ground found as matter of fact that the convenience of witnesses would not be promoted by the change, but, nevertheless, held that the ends of justice would be promoted by the change, and accordingly ordered a change of venue to York County.

The question now presented by the exceptions of defendant-appellant is whether Judge Gage had power at chambers to grant change of venue solely on the ground that the ends of justice would be promoted. The order of Judge Gage and the exceptions thereto are officially reported herewith. We think Judge Gage exceeded his power. Section 147 of the Code of Civil Procedure states three cases in which the place of trial may be changed:

"1. When the county designated for that purpose in the complaint is not the proper county.

"2. When there is reason to believe that an impartial trial cannot be had therein.

"3. When the convenience of witnesses and the ends of justice would be promoted by the change."

A motion for change of venue may be tried at chambers on the first and third grounds above. *Utsey* v. *Railroad Co.,* 38 S. C., 399, 17 S. E., 141; *Fishburne* v. *Minott,* 72 S. C., 574; but, as Judge Gage correctly held, a Judge at chambers has no jurisdiction to remove a case on the second ground. *Willoughby* v. *Railroad,* 46 S. C., 320, 24 S. E., 308. The effect of the order of Judge Gage is to construe the third ground mentioned in the statute as really constituting two separate and distinct grounds, as if the statute had read, "when the convenience of witnesses *or* the ends of justice would be promoted." But when the Court in the Utsey case held that a motion on the third ground could be entertained at chambers, it did not so construe the statute; on the contrary, the language of the Court is as follows: "We agree with the appellant that the Circuit Judge in granting

the order here in question should be controlled in his judicial discretion by the words of the statute, that 'the convenience of witnesses *and* the ends of justice would be promoted by the change.' But we are not able to see that the Circuit Judge has not observed both requirements here. Indeed, if we may be pardoned the observation, it seems to us that the ends of justice are subserved when the testimony of nine witnesses, all living in Sumter County, is, by this very order, submitted to a jury of Sumter County. The very object of our jury system, in requiring jurors from the vicinage to pass upon the credibility of witnesses, is the promotion of the ends of justice." Undoubtedly the meaning of the statute, in coupling "the convenience of witnesses" and "the ends of justice" together as a single ground for change of venue, was to authorize a change on this ground only when both the convenience of witnesses and the ends of justice would be promoted, or to prevent a change merely for the convenience of witnesses and without regard to the ends of justice. If we should give to the words "ends of justice" a meaning which embraces matters covered by the words "impartial trial" or "fair and impartial trial," and hold that a Judge at chambers has power to change venue to promote "the ends of justice" solely, but has no power at chambers to make such change to promote an "impartial trial," we would contradict ourselves and allow a Judge at chambers to do indirectly what he has no power to do directly. The Circuit Judge does not indicate in what way the ends of justice would be promoted by a change of venue, since he finds that the convenience of witnesses would not be promoted, and properly declines to consider whether a fair and impartial trial may not be had in Lancaster County, unless it be contained in the suggestion of the liability of the county to pay in the event of recovery. But this suggestion necessarily involves a consideration whether a fair and impartial trial may be had in a county which is sued, and in any event is not a matter for the determination of a Judge at chambers.

The order of Judge Gage changing the place of trial from Lancaster County to York County, being in excess of his power at chambers, is reversed and set aside.

Mr. Justice Gary *dissents*.